# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

THOMAS LUGO,

    Plaintiff,

v.                                     Case No. 8:16-cv-2750-T-30AEP

JETBLUE AIRWAYS CORPORATION,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 15) and Defendant's Response in Opposition (Dkt. 18). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted because Defendant did not meet its burden to establish diversity of citizenship.

## BACKGROUND

Plaintiff Thomas Lugo filed the instant action in state court alleging claims under the Florida Civil Rights Act. On September 26, 2016, Defendant JetBlue Airways Corporation removed the action to this Court under diversity jurisdiction. With respect to the parties' citizenship, Defendant simply alleged only that: "Here, complete diversity of citizenship exists. Plaintiff states that he is a resident and domiciliary of the State of Florida. Defendant is a foreign corporation with its principal place of business outside of Florida." (Dkt. 1). Defendant supported these allegations by citing to paragraphs 2 and 3 of Plaintiff's complaint.

Plaintiff now moves to remand this action, arguing, in relevant part, that complete diversity of citizenship is not established. The Court agrees with Plaintiff and will therefore remand this action.

## **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as it is in this case, the removing defendant has the burden of demonstrating that there is (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The district court is required to "'strictly construe the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal punctuation marks omitted) (quoting *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)).

When a court is reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties at the time the action was filed and at the time of removal. *See, e.g., Stevens v. Nichols,* 130 U.S. 230, 231 (1889); *Roecker v. U.S.,* 379 F.2d 400, 407 (5th Cir. 1967)[1], *cert. denied,* 389 U.S. 1005 (1967). For purposes of diversity jurisdiction, "citizenship" means "domicile." *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954). In fact, it is a party's domicile rather than his residence which is determinative of citizenship for diversity jurisdiction. *See Jagiella v.*

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Jagiella,* 647 F.2d 561, 563 (5th Cir.1981). In other words, an allegation of residency is not sufficient to establish a party's citizenship. *See id.*

Here, Plaintiff's complaint simply states in its entirety: "At all times material to this Complaint, Plaintiff, a white male, was a resident of Hillsborough County, Florida." (Dkt. 1-2 at ¶2). Defendant removed based on this sole allegation, which is woefully deficient to establish diversity jurisdiction for two main reasons. First, this allegation addresses Plaintiff's residency only during the times material to the claims, which is insufficient because citizenship is considered at the time the complaint is filed and at the time of removal. Second, regardless of the flawed timing, the allegation relates to residency. Under black letter law, alleging residency does not establish citizenship. *See Jagiella*, 647 F.2d at 563; *Bowen v. Wells Fargo Bank, N.A.*, No. 2:11-CV-91-FTM-29, 2011 WL 766283, at *2 (M.D. Fla. Feb. 25, 2011) (concluding that the complaint failed to allege diversity jurisdiction because the plaintiff only alleged that he was a "resident" of Florida); *see also Ucastv, Inc. v. Brandon*, No. 2:13-CV-815-FTM-38, 2013 WL 6223025, at *2 (M.D. Fla. Nov. 27, 2013) (same). As a result, Defendant failed to even allege citizenship properly at the outset in its Notice of Removal, thereby making it unnecessary to consider the parties' other arguments.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand (Dkt. 15) is granted.
2. The Clerk of Court is directed to remand this action to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

3. The Clerk of Court is further directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 24, 2017.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record